# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL NO. 4:18-cr-00144 |
| § | Judge Mazzant |
| ORLEY JESUS GALLO DONADO (5) § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Motion to Dismiss Indictment (Dkt. #292). Having considered the motion and the relevant pleadings, Defendant's motion is **DENIED**.

## BACKGROUND

Defendant Orley Jesus Gallo Donado ("Orley") is a Colombian man charged with conspiring to manufacture and import cocaine into the United States. On September 5, 2018, the Government presented its case to a grand jury and secured an indictment against Orley and twenty-one co-defendants for international drug crimes. Count One charges Orley with conspiracy to knowingly import, manufacture, and distribute cocaine into the United States, in violation of 21 U.S.C. § 963 (Dkt. #95). Count Two charges Orley with knowingly manufacturing and distributing cocaine into the United States, in violation of 21 U.S.C. § 959 and 18 U.S.C. § 2 (Dkt. #95).

On November 6, 2020, Orley filed a Motion to Dismiss the Indictment (Dkt. #292). On November 20, 2020, the Government filed a response (Dkt. #311).

## LEGAL STANDARD

Rule 12(b)(3)(A) of the Federal Rules of Criminal Procedure supplies the procedural means for a criminal defendant to challenge the sufficiency of an indictment. In general, an indictment is sufficient to survive a motion to dismiss "if it contains the elements of the charged offense, fairly

informs the defendant of the charges against him, and insures that there is no risk of future prosecutions for the same offense." *United States v. Cavalier*, 17 F.3d 90, 92 (5th Cir. 1994) (citing *United States v. Arlen*, 947 F.2d 139, 144 (5th Cir. 1991)). Rule 52(a) likewise prescribes "[a]ny error, defect, irregularity, or variance" in an indictment should be ignored unless it materially prejudices the defendant. When an indictment is facially valid, courts may not inquire into the sufficiency or competency of the evidence. *United States v. Calandra* 414 U.S. 338, 344-345 (1974); *see also United States v. Strouse*, 286 F.3d 767, 771 (5th Cir. 2002) ("After indictment, the judiciary's role in policing the credibility of witnesses before a grand jury is minimal.")

Indictments may only be dismissed under a court's supervisory power if they violate one of the "few, clear rules which were carefully drafted and approved by this Court and by Congress to ensure the integrity of the grand jury's functions." *United States v. Mechanik*, 475 U.S. 66, 74 (1986) (O'Connor, J., concurring). Negating prosecutorial misconduct and perjury are among those rules, but even if an indictment is based on prosecutorial misconduct, the indictment may only be dismissed if it prejudiced the defendant. *Bank of Nova Scotia v. United States*, 487 U.S. 250, 255 (1988) (noting courts should avoid "granting a windfall to the unprejudiced defendant"). An error is prejudicial "if it is established that the violation substantially influenced the grand jury's decision to indict" or there is "grave doubt" the indictment is free from substantial influence of the violation. *United States v. Mechanik*, 475 U.S. at 78.

## ANALYSIS

Orley argues the indictment should be dismissed because the Government presented a factually incorrect PowerPoint and false testimony to the grand jury regarding Orley's involvement

in an illicit cocaine operation (Dkt. #292).[1]  The Government argues dismissal is unwarranted because: (1) there were other intercepted communications evidencing Orley's involvement in the conspiracy; and (2) the testimony did not prejudice Orley (Dkt. #311).

First, Orley fails to prove the Government committed prosecutorial misconduct.  While the PowerPoint presentation may misattribute a quote to Orley, he does not allege Agent Mata knew the testimony was false when presented.  In *United States v. Strouse*, the Fifth Circuit explicitly held "perjury before the grand jury that was not knowingly sponsored by the government may not form the basis for a district court's dismissal of an indictment." 286 F.3d at 772.  Though Orley and the Government may dispute the accuracy of the transcript used as a foundation for the indictment, this is an issue better left for cross-examination at trial.  Questions about reliability of evidence alone are not enough to dismiss an indictment.  Even without the PowerPoint reference, the Government cites several other examples of intercepted conversations connecting Orley to the illicit narcotics trafficking.  For example, the Government cites both Orley's demeanor when his sister discussed the narcotics operation on April 9, 2016 and his participation in a separate conversation about the business on April 23, 2016 (Dkt. #311 at 5).  Because Orley only disputes the reliability of the transcript and does not demonstrate perjury by the Government, the indictment should not be dismissed.

Second, Orley also fails to prove the misattributed quote in the PowerPoint resulted in

---

[1] The PowerPoint slide presented to the grand jury contains two bullet points accompanying Orley's picture: (1) "Intercepted communications reveal that DONADO utilized her brother Orley Jesus GALLO Donado aka ORLEY to coordinate a shipment of cocaine from the Santa Marta port in Colombia"; and (2) "ORLEY later informed DONADO that they returned the shipment of cocaine and aborted the transfer due to police activity in the port area" (Dkt. #292 at p. 3).  Though Orley and the Government disagree on the translation of the transcript, the transcript does suggest the Government inadvertently reversed the individuals in the second bullet point.  Co-defendant Karen Marledis Gallo Donado informed Orley that police activity delayed the shipment, not the other way around.

3

prejudice. Under *Bank of Nova Scotia*, district courts have "no authority to dismiss [an] indictment on the basis of prosecutorial misconduct absent a finding that [the defendants] were prejudiced by such misconduct." 487 U.S. at 261, 263. This is a high bar. *See id.* (refusing to dismiss an indictment even where a federal prosecutor knowingly presented false evidence to the grand jury). In *United States v. McKenzie*, the Fifth Circuit held an indictment may only be dismissed by a showing of "actual prejudice" equivalent to when "prosecutorial misconduct amounts to overbearing the will of the jury." 678 F.2d 629, 631 (5th Cir. 1982). Here, Orley has not articulated how the PowerPoint presentation resulted in material prejudice. Though Orley and the Government dispute the interpretation of the transcripts, Orley concedes he does not know what other evidence the Government presented to the grand jury. In response, the Government notes Orley's indictment is not based solely on the one bullet point in the PowerPoint, but rather several other intercepted conversations — meaning this inaccuracy would not be enough to prejudice Orley. An indictment based on several communications suggesting conspiracy to distribute cocaine internationally cannot be spoiled by one inaccuracy absent a greater showing of prejudice. Because Orley does not articulate this greater showing, the Court will not assume it exists.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Motion to Dismiss Indictment (Dkt. #292) is hereby **DENIED**.

**SIGNED** this 25th day of January, 2021.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

4