# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | CRIMINAL NO. 4:18-cr-00144 |
| § | Judge Mazzant |
| ORLEY JESUS GALLO DONADO (5) § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Appeal to District Court of Magistrate Judge's Order on Motion to Compel Discovery (Dkt. #343). Having considered the motion and the relevant pleadings, Defendant's motion is **DENIED**.

## BACKGROUND

Defendant Orley Jesus Gallo Donado ("Orley") is a Colombian man charged with conspiring to manufacture and import cocaine into the United States. On September 5, 2018, the Government presented its case to a grand jury and secured an indictment against Orley and twenty-one co-defendants for international drug crimes. Count One charges Orley with conspiracy to knowingly import, manufacture, and distribute cocaine into the United States, in violation of 21 U.S.C. § 963 (Dkt. #95). Count Two charges Orley with knowingly manufacturing and distributing cocaine into the United States, in violation of 21 U.S.C. § 959 and 18 U.S.C. § 2 (Dkt. #95).

On November 11, 2020, Orley moved to compel discovery on several issues, including release of the grand jury transcript (Dkt. #293). On November 20, 2020, the Government replied (Dkt. #309). On December 11, 2020, after hearing argument on the motion, the Magistrate Judge granted some of the discovery requests but denied the request for the grand jury transcript (Dkt. #324). On December 28, 2020, Orley appealed a portion of the Magistrate Judge's order regarding

denial of the production of the grand jury transcript (Dkt. #343). On January 4, 2020, the Court held a hearing on Orley's appeal of the Magistrate Judge's order (Dkt. #357).

## LEGAL STANDARD

Under 28 U.S.C. § 636(b)(1)(A), a district judge may refer a pretrial matter to the magistrate judge for determination and may then "reconsider" the matter "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *See also Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995) (holding the magistrate judge has referral authority to decide non-dispositive discovery motions and the district court is to apply a "clearly erroneous" standard of review). Federal Rule of Criminal Procedure 59(a) likewise provides: "A party may serve and file objections to the order within 14 days after being served with a copy of a written order or after the oral order is stated on the record" and "the district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous." To meet this high standard of appeal, the district judge must be "left with a definite and firm conviction that a mistake has been committed." *Norton v. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997).

Grand jury proceedings are "shrouded by a general rule of secrecy" to protect the grand jury process and are only disclosed under a limited set of exceptions. *Shields v. Twiss*, 389 F.3d 142, 147–48 (5th Cir. 2004); *Douglas Oil Co. of Cal. v. Petrol Stops N.W.*, 441 U.S. 211, 218–19 (1979). Federal Rule of Criminal Procedure 6(e) provides one avenue for disclosure, prohibiting release of a grand jury transcript unless the defendant demonstrates a "particularized need" in proving "a ground may exist to dismiss the indictment." *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 399-401 (1959). Even when the defendant carries this burden, the court still weighs the need against the great interest in preserving grand jury secrecy. *United States v. Miramontez*, 995 F.2d 56, 59 (5th Cir. 1993).

Exculpatory evidence rules provide a second avenue for accessing a grand jury transcript, under which the Fifth Circuit applies the limited standards set forth in *Brady v. Marlyand*. *Castillo v. Johnson*, 141 F.3d 218, 222 (5th Cir. 1998). To prove a grand jury transcript should be disclosed as exculpatory evidence, defendants must establish: (1) the evidence is favorable to the accused because it is exculpatory or impeachment; (2) the Government suppressed the evidence; and (3) prejudice resulted from the non-disclosure. *Banks v. Dretke*, 540 U.S. 668, 691 (2004).

## ANALYSIS

Orley argues the Government should release the grand jury transcript because the Government relied on a factually incorrect PowerPoint when securing the indictment and the transcript contains exculpatory evidence (Dkt. #293).[1] The Government argues disclosure is unwarranted because there is no exception to the secrecy standards provided by Federal Rule of Criminal Procedure 6(e), nor is there anything exculpatory in the transcript (Dkt. #309).

Orley does not meet the high burden of proving clear error by the Magistrate Judge in denying the steep request for the transcript under either Rule 6(e) or the *Brady* framework. Most fatal to Orley's argument is the Fifth Circuit's holding that "mere suspicion the indictment was based on insufficient evidence" is not enough to warrant disclosure. *United States v. Newcomb*, 488 F.2d 190, 192-93 (5th Cir. 1974) ("Were we to hold that grand jury minutes must be turned over…grand jury proceedings would effectively be open at the whim of the defense."). Here, the

---

[1] The PowerPoint slide presented to the grand jury contains two bullet points accompanying Orley's picture: (1) "Intercepted communications reveal that DONADO utilized her brother Orley Jesus GALLO Donado aka ORLEY to coordinate a shipment of cocaine from the Santa Marta port in Colombia"; and (2) "ORLEY later informed DONADO that they returned the shipment of cocaine and aborted the transfer due to police activity in the port area" (Dkt. #292 at p. 3). Though Orley and the Government disagree on the translation of the transcript, the transcript does suggest the Government inadvertently reversed the individuals in the second bullet point. Co-defendant Karen Marledis Gallo Donado informed Orley that police activity delayed the shipment, not the other way around.

3

Government already disclosed a copy of the PowerPoint to Orley, and both parties have access to the transcript of the intercepted communications. Orley may have been entitled to the transcript if the Government's only evidence was the one misattributed message, but here the indictment was also based on Orley's other responses in the phone call and other communications with co-defendant Karen Donado. Because Orley cannot prove the grand jury transcript would lead to dismissal of the indictment, he is not entitled to disclosure under Rule 6(e). And because he cannot prove there is anything more exculpatory contained in the other testimony to the grand jury, he is not entitled to it under *Brady*. Orley also cannot establish actual prejudice because the indictment is based on multiple communications between Orley and Karen Donado. Should Agent Mata take the stand at trial, Orley is well equipped to cross-examine him with the translated phone call and PowerPoint slide already provided. The Magistrate Judge did not commit clear error in valuing the secrecy of the grand jury process over Orley's request.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Appeal to District Court of Magistrate Judge's Order on Motion to Compel Discover (Dkt. #343) is **DENIED**.

**SIGNED this 25th day of January, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE