# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:18-cr-00144 |
| | § | Judge Mazzant |
| ORLEY JESUS GALLO DONADO (5) | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant's Appeal to District Court of Magistrate Judge's Order Denying the Taking of Depositions (Dkt. #349). Having considered the motion and the relevant pleadings, Defendant's motion is **DENIED**.

## BACKGROUND

Defendant Orley Jesus Gallo Donado ("Orley") is a Colombian man charged with conspiring to manufacture and import cocaine into the United States. On September 5, 2018, the Government presented its case to a grand jury and secured an indictment against Orley and twenty-one co-defendants for international drug crimes. Count One charges Orley with conspiracy to knowingly import, manufacture, and distribute cocaine into the United States, in violation of 21 U.S.C. § 963 (Dkt. #95). Count Two charges Orley with knowingly manufacturing and distributing cocaine into the United States, in violation of 21 U.S.C. § 959 and 18 U.S.C. § 2 (Dkt. #95).

On October 14, 2020, Orley moved to take depositions on twenty-six witnesses in Colombia, including five co-defendants and twenty-one individuals who knew him in Tiquisio (Dkt. #258).[1] On October 27, 2020, at the Magistrate Judge's direction, Orley supplemented his

---

[1] In Orley's initial Motion, he stated there are five co-defendants and twenty-one individuals in Tisquisio, Colombia, who he wishes to depose (Dkt. #258 at p. 1). In Orley's supplement to his Motion he stated there are five co-

previous motion to detail what exceptional circumstances would allow for the depositions (Dkt. #269).  On November 10, 2020, the Government responded (Dkt. #296).  On November 16, 2020, Orley replied to the Government's response (Dkt. #301).  On December 11, 2020, the Magistrate Judge heard argument regarding the motion (Dkt. #338).  On December 21, 2020, the Magistrate Judge denied the motion. *Id*.  On December 30, 2020, Orley appealed a portion of the Magistrate Judge's order regarding denial of the production of the Grand Jury Transcript (Dkt. #343).  On January 4, 2020, the Court held a hearing on Orley's appeal of the Magistrate Judge's order (Dkt. #357).

## LEGAL STANDARD

Under 28 U.S.C. § 636(b)(1)(A), a district judge may refer a pretrial matter to the magistrate judge for determination and may then "reconsider" the matter "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." *See also Castillo v. Frank*, 70 F.3d 382, 385 (5th Cir. 1995) (holding the magistrate judge has referral authority to decide non-dispositive discovery motions and the district court is to apply a "clearly erroneous" standard of review).  Similarly, Federal Rule of Criminal Procedure 59(a) provides: "A party may serve and file objections to the order within 14 days after being served with a copy of a written order or after the oral order is stated on the record" and "the district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous."  To meet this high standard of appeal, the district judge must be "left with a definite and firm conviction that a mistake has been committed." *Norton v. Dimazana*, 122 F.3d 286, 293 (5th Cir. 1997).

Depositions are seldom granted in criminal trials, only permitted under Federal Rule of Criminal Procedure 15(a) when there are "exceptional circumstances" and "the interest of justice"

---

defendants and twenty-eight individuals in Tisquisio, Colombia, who he wishes to depose (Dkt. #269 at p. 3-4).  At the hearing, Orley referenced thirty individuals he wished to depose (Dkt. #338).

requires.  Foreign depositions are particularly suspect "because of the absence of a sanction for perjury." *United States v. Alvarez*, 837 F.2d 1024, 1029 (11th Cir. 1988).  Depositions are generally disfavored in criminal cases and their "only authorized purpose is to preserve evidence, not to afford discovery." *Simon v. United States*, 644 F.2d 490, 498 n.12 (5th Cir. 1981); *see also United States v. Dillman*, 15 F.3d 384, 389 (5th Cir. 1994) ("The words 'exceptional circumstances' bespeak that only in extraordinary cases will depositions be compelled.").

To evaluate whether circumstances are sufficiently exceptional, courts may consider whether: "(1) the witness is unavailable, (2) injustice will otherwise result without the material testimony that the deposition could provide, and (3) countervailing factors would make the deposition unjust to the nonmoving party." *Hansman v. United States*, 2013 WL 12349558, at *3 (W.D. Tex. Apr. 30, 2013); *see also United States v. Farfan-Carreon*, 935 F.2d 678, 680 (5th Cir. 1991) (finding exceptional circumstances when the witness was a Mexican national beyond subpoena power and his testimony would bear directly on the defendant's knowledge in the case). The moving party carries the burden of proving exceptional circumstances exist. *United States v. O'Keefe*, 509 F. Supp. 2d 33, 35 (D.D.C. 2007).

## ANALYSIS

Orley argues the desired foreign witnesses are unavailable because some are incarcerated in Colombian prisons, others lack passports, many are in poor health, and all are unable to obtain a visa to enter the United States in time to testify at trial (Dkt. #349 at p. 1).  Orley also argues the witnesses are material to his defense because they will show he lived in rural Tiquisio, Colombia, as a butcher and only left the town two or three times in five years to visit his mother in Cartegen, Colombia (Dkt. #349 at p. 1).  The Government argues the foreign witnesses are only inconvenienced by the travel, not unavailable, so Orley does not carry his high burden of proving

exceptional circumstances (Dkt. #296 at p. 5).

### 1. The Magistrate Judge Did Not Commit Clear Error in Finding Orley Failed to Establish Unavailability.

Under Rule 15(a), "a potential witness is unavailable...whenever a substantial likelihood exists that the proposed deponent will not testify at trial." *United States v. Drogoul*, 1 F.3d 1546, 1553 (11th Cir. 1993). But as the Magistrate Judge noted, "[m]erely alleging that a witness is a foreign national and getting them to the United States may be difficult is not enough to justify a Rule 15 deposition" (Dkt. #338 at p. 4).

First, the Magistrate Judge correctly found Orley's witnesses currently incarcerated in Colombia are not unavailable because the Government is extraditing them to stand trial in the United States (Dkt. #338 at p. 4); (Dkt. #296 at p. 6). *See, e.g., United States v. Wilson*, 601 F.2d 95, 98 (1979) (only finding a foreign deposition proper because the witness was in a country without an applicable extradition treaty).

Second, the Magistrate Judge correctly found Orley did not adequately demonstrate the remaining witnesses were unavailable. The Court acknowledges the difficulty in securing a visa for Colombian nationals to travel to the United States during the COVID-19 pandemic, but the Magistrate Judge gave weight to this issue when she denied Orley's motion (Dkt. #338 at p. 3-4). The standard for proving exceptional circumstances is high and requires the movant make a good faith effort to make the desired witness available before resorting to less-reliable foreign depositions. The Magistrate Judge correctly notes that Orley's counsel never attempted to obtain passports for the desired witnesses and could not explain the status of the emergency appointment procedure at the Bogota embassy. While many of the witnesses may be too poor or in ill health to navigate the logistical hurdles in obtaining a passport and traveling to the United States, Orley did

not provide any "affidavits, declarations, or any other evidentiary support that the proposed deponents would be unavailable to testify at trial" (Dkt. 338 at p. 4); *see United States v. Milian-Rodriquez*, 828 F.2d 679, 685-86 (11th Cir. 1987) (holding that defendant failed to demonstrate sufficient exceptional circumstances to warrant the use of 15(a) depositions where defendant's motions did not include any supporting affidavits, among other reasons).

Based on the evidence proffered, Orley did not meet the high bar in establishing both witness unavailability and clear error on behalf of the Magistrate Judge.

### 2. The Magistrate Judge Did Not Commit Clear Error in Finding Orley Failed to Establish Materiality.

The analytical framework to determine "materiality" in the Rule 15 context is identical to the framework developed in the context of *Brady v. Maryland*: testimony is only material if it is exculpatory, not merely corroborative or cumulative of other evidence. *United States v. Jefferson*, 594 F. Supp. 2d 655, 667 (E.D. Va. 2009); *accord*, *United States v. Sledziejowski*, 2018 WL 175777, at *2-3 (N.D. Tex. April 12, 2018). The Magistrate Judge correctly stated this standard and ruled the witnesses were not material because: (1) the incarcerated witnesses could not negate an element of the conspiracy charges; and (2) the civilian witnesses would be largely character references and cumulative (Dkt. #338 at p. 6-7).

First, the Magistrate Judge correctly ruled the incarcerated witnesses are not material because they could not exculpate Orley from the charged crime. Orley is charged in conspiracy, meaning it is not necessary for all co-conspirators to know each other. *United States v. Posada-Rios*, 158 F.3d 832, 858 (5th Cir. 1998). In *United States v. Bello*, the Fifth Circuit held that depositions were unwarranted because the defendant's legitimate business during a trip could not exculpate him from separate illegal drug transactions. 532 F.2d 422, 423 (5th Cir. 1976). As the Magistrate Judge correctly noted, the desired testimony is merely desirable and does not actually

negate an element of the crime.  Though the materiality of Karen Donado's testimony is a closer call, the Court has already stated she is not unavailable because she is being extradited to the United States.

Second, the Magistrate Judge correctly ruled the civilian witnesses in rural Tiquisio, Colombia, would: (1) only provide character evidence; and (2) would be cumulative.  In *United States v. Dillman*, the Fifth Circuit refused to reverse a Rule 15 denial because the desired witness's testimony would be cumulative of other witnesses, and the desired witness never actually attended key meetings where the defendant discussed the criminal activity. 15 F.3d 384, 389-91 (5th Cir. 1994).  Here, Orley names some witnesses who taught him in school as a child, worked with him as a miner, and knew him when he was seven years old (Dkt. #296 at p. 7).  Neighbors who swear to Orley's work ethic and well-mannered lifestyle may build up his character, but they do not count as material under the Rule 15 framework.

Based on the evidence proffered, Orley did not meet the high bar in establishing both witness materiality and clear error on behalf of the Magistrate Judge.

## CONCLUSION

It is therefore **ORDERED** that Defendant's Appeal to District Court of Magistrate Judge's Order Denying the Taking of Depositions (Dkt. #349) is **DENIED**.

**SIGNED this 25th day of January, 2021.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE